**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1165
_____

MATTHEW P. DEC,
                                        Appellant

v.

COUNTY OF BUTLER; BUTLER COUNTY PROBATION;
BUTLER COUNTY PRISON; GLADE RUN LUTHERAN SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01957)
District Judge:  Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 22, 2024

Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 9, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Matthew Dec appeals pro se from the District Court's decision dismissing his civil-rights complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm that judgment in part, vacate it in part, and remand for further proceedings.

I.

In 2023, criminal charges were brought against Dec in the Court of Common Pleas of Butler County, Pennsylvania. Later that year, Dec commenced this civil-rights action in the District Court pursuant to 42 U.S.C. § 1983. Dec's complaint, which raised claims under the United States Constitution and multiple federal statutes, was brought against Butler County, Butler County Prison, "Butler County Probation," and Glade Run Lutheran Services ("Glade Run"), a non-profit corporation. The complaint alleged, among other things, that after Dec posted bail in his criminal case,[1] he was placed under the authority of Glade Run as part of his bail conditions. According to Dec, Glade Run forced him to pay that entity an additional $450 per month to facilitate his pretrial house arrest (house arrest apparently was a condition of his bail) and ensure his appearance in state court. Dec's complaint sought damages against Glade Run, among other relief.

A United States Magistrate Judge screened Dec's complaint pursuant to § 1915(e)(2)(B) and issued a report recommending that the District Court dismiss the complaint in its entirety with prejudice. In doing so, the Magistrate Judge determined

---

[1] Dec's bail had been set at $25,000.

that (1) Dec had failed to allege facts that would support a plausible inference that Glade Run qualifies as a state actor under § 1983, and (2) even if Glade Run *is* a state actor under § 1983, "no allegations within the Complaint [against that defendant] rise to the level of constitutional violations." Dist. Ct. Dkt. No. 7, at 8. On January 4, 2024, the District Court adopted the Magistrate Judge's report and dismissed Dec's complaint with prejudice. This timely appeal followed.[2]

## II.

Dec has forfeited some of the issues in this case by failing to sufficiently present them in his appellate briefing. See In re LTC Holdings, Inc., 10 F.4th 177, 181 n.1 (3d Cir. 2021) ("[A]rguments not developed in an appellant's opening brief are forfeited." (citing In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016))); see also Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[A] passing reference to an issue will not suffice to bring that issue before this court." (citation to quoted case omitted)). The only issues that Dec has preserved for our review are (1) the District Court's dismissal of any claims brought under the Trafficking Victims Protection Act ("TVPA"), and (2) the District Court's dismissal of Glade Run as a defendant. We consider these two issues in turn.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is de novo. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020).

III.

The District Court dismissed Dec's TVPA claims because it was unclear what he was asserting under that statute. His appellate briefing, liberally construed, attempts to clarify his TVPA claims, invoking the statute's prohibition on forced labor. See 18 U.S.C. § 1589.[3]

Despite that clarification, we cannot conclude that the District Court's dismissal of the TVPA claims should be disturbed. Dec has not alleged facts demonstrating that any defendant subjected him to forced labor in violation of the TVPA, nor has he otherwise demonstrated that he might be able to plead such a claim if given a chance to file an amended complaint. See Burrell v. Staff, 60 F.4th 25, 36-37 (3d Cir. 2023) (discussing the standards governing forced-labor claims under the TVPA); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (indicating that, to survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct" (citation to quoted case omitted)); LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile" (internal quotation marks omitted)). Accordingly, we will affirm the District Court's dismissal of Dec's TVPA claims. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that this Court may affirm on any basis supported by the record).

IV.

---

[3] Although § 1589 is a criminal statute, another provision of the TVPA provides a civil remedy for violations of § 1589. See 18 U.S.C. § 1595.

We now turn to the District Court's decision to dismiss Glade Run as a defendant. "[T]o state a claim of liability under § 1983, [a plaintiff] must allege that []he was deprived of a federal constitutional or statutory right *by a state actor*." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (emphasis added). In certain circumstances, a private entity qualifies as a "state actor" for purposes of § 1983. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). In this case, Dec has plausibly alleged facts that would support treating Glade Run as a state actor under § 1983, for he contends that as part of his bail conditions, he was placed under Glade Run's authority while on pretrial house arrest. See id. (indicating that one way in which a private entity can qualify as a state actor under § 1983 is if "the private entity has exercised powers that are traditionally the exclusive prerogative of the state" (citation to quoted case omitted)). Accordingly, the District Court erred to the extent that it dismissed Glade Run based on a no-state-actor determination.

The District Court's alternative basis for dismissing Glade Run was that Dec had failed to allege facts that rose to the level of a constitutional violation. But as we noted earlier, Dec's complaint alleged that, after he posted cash bail, Glade Run forced him to pay that entity an additional $450 per month to facilitate his pretrial house arrest and ensure his appearance in state court. We conclude that this allegation raises a potentially viable claim under the Eighth Amendment's Excessive Bail Clause. See U.S. Const. amend. VIII (providing that "[e]xcessive bail shall not be required"); Holland v. Rosen, 895 F.3d 272, 291 (3d Cir. 2018) (indicating that bail conditions violate the Eighth Amendment if they are "excessive in light of the perceived evil" (quoting United States

v. Salerno, 481 U.S. 739, 754 (1987))).[4] Although it is unclear from the complaint exactly what the alleged $450 monthly payment covered, this defect may be cured in an amendment to that pleading. Accordingly, we will vacate the District Court's dismissal of Dec's excessive-bail claim against Glade Run and remand with instructions to allow Dec to file an amended complaint addressing that claim (and that claim alone).[5] See generally Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (explaining that when a § 1983 complaint is subject to dismissal "for lack of factual specificity, [plaintiff] should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint" (citation to quoted case omitted)).

V.

In view of the above, we will affirm the District Court's judgment in part, vacate it in part, and remand for further proceedings with respect to Dec's excessive-bail claim against Glade Run. Dec's "Motion for Summary Judgment" is denied. To the extent that Dec seeks any other relief from us, that relief is denied, too.

---

[4] The Excessive Bail Clause applies to the States via the Fourteenth Amendment. See Holland, 895 F.3d at 288.

[5] To the extent that Dec's complaint sought to raise other claims against Glade Run (including a TVPA claim), we cannot conclude that any such claims state a viable cause of action or might benefit from amendment.

6